. OTT & TEWKSBURY *et al.* v. D. P. DOAK *et al.*

CHATTEL MORTGAGE — *Foreclosure — Pleadings — Demurrer to Evidence, Error to Sustain.* In an action to foreclose a chattel mortgage in which many other lien-holders are made parties and file answers in the nature of cross-petitions, and distinct issues are made between the plaintiffs and other mortgagees, and between other mortgagees as to the priority of the liens of their respective mortgages, it is error for the trial court to sustain a demurrer to the evidence of the plaintiffs, on behalf of certain mortgagees, and dismiss the action as to them, and deprive other parties from having issues between them and those who filed the demurrer heard and determined.

*Error from Kearny District Court.*

ACTION to foreclose a chattel mortgage. All the material facts are set forth in the opinion.

*D. H. Ettien*, and *Calhoun & Garwood*, for plaintiff in error.

*Morgan, Lowrance & Mason,* for defendant in error.

Opinion by SIMPSON, C.: Ott & Tewksbury commenced this action against J. H. Allen, A. P. Allen, D. P. Doak, A. T. Irvin, the Kendall Exchange Bank, Kirtland & Flash, the Bank of Hartland, the Hamilton Land Company, G. W. Williams, W. C. Hasler, as assignee of G. W. Williams, Aaron S. Drake, R. B. Clark, M. F. Cooley, and James L. Lombard. Their petition alleged that on the 28th day of July, 1887, the Allens executed their note to them for $2,000, payable at the Central National Bank of Topeka, on November 1, 1887; that on the 1st of August, 1887, the Allens executed four promissory notes to the Topeka Investment & Loan Company, for the following sums: One for $148; one for $200; one for $220, and one for $240, payable at various times; that the payment of these notes was guaranteed by the said Ott & Tewksbury, and that they were compelled to pay them when the same became due and payable; that to secure the payment of the first sum mentioned, the Allens executed a chattel mortgage to Ott & Tewksbury on certain ranch cattle described therein. This chattel mortgage was filed for record in Hamilton county, on the 30th day of July, 1887, at 9 o'clock A. M. It is alleged that the present county of Kearny was then a part of Hamilton county, and that the mortgaged property was situated in what is now Kearny county. It is alleged that the defendants herein named are claiming liens on the mortgaged property adverse to the claims of the plaintiffs, Ott & Tewksbury, to the aggregate amount of $22,200, but that all of said liens are subsequent and inferior to that of Ott & Tewksbury; that the Allen brothers are insolvent, and are now non-residents of the state. They aver that the defendants Doak and Irvin pretend to hold mortgages on 380 head of cattle, 400 tons of hay, and a large amount of other property owned by the Allens, and were attempting to sell and dispose of said property at one-fourth of its actual value, and that a large amount of said property was embraced in their mortgage. They pray judgment against the Allens; ask that their chattel mortgage be foreclosed; that they may be adjudged to have the first lien;

that the defendants be required to plead and set forth their respective liens to or interest in said mortgaged property, and for other relief.

Thé Hamilton Land Company filed its answer by way of cross-petition, claiming that John H. Allen executed his note to said company on the 1st day of November, 1886, for $7,482.63, with interest at 8 per cent. per annum; and that John H. Allen executed a chattel mortgage on 315 head of cattle to secure the same. Said chattel mortgage was filed for record in Hamilton county on the 6th day of January, 1887, at 6 o'clock P. M., and was renewed on the 12th day of November, 1887. And for a second cause of action, the land company avers that on the 2d day of May, 1887, the Allens executed a note to James L. Lombard for $3,000, with interest at 10 per cent.; that on the 15th day of April, 1888, this note was sold and transferred to the Hamilton Land Company; same as to a note for $1,350; same as to a note for $273.30; that all of said notes were secured by a chattel mortgage executed by the Allens on all this stock of cattle, estimated at 1,200 head, located on their ranch in Kearny county, Kansas; that said chattel mortgage was filed for record on the 14th day of November, 1887, at 9 o'clock A. M., in Hamilton county.

D. P. Doak filed his answer, averring that on the 2d day of September, 1887, the Allens executed and delivered to him a chattel mortgage on 6 head of work mules, 80 head of ranch cattle branded " I. D.," 35 head of three- and four-year-old steers branded "H. L.," all being at the time on the Allen ranch, six miles from Kendall; that said chattel mortgage was filed for record in Hamilton county on the 8th day of May, 1888; that default was made on said chattel mortgage, and that he took possession of the property therein described, and sold the same at public auction on the 20th day of April, 1888, and bought them in to satisfy his debt, and is now the sole owner of the same.

A. T. Irvin filed an answer, claiming that on the 7th day of February, 1887, the Allens executed and delivered to him

a certain chattel mortgage, and that on the 14th day of April, 1887, the Allens executed and delivered to him a second chattel mortgage on certain property described in said mortgages; that the conditions of these mortgages were not complied with, and that he took possession of the mortgaged property and sold the same at public auction on the 20th day of April, 1888, to satisfy his debt.

Doak and Irvin filed a joint answer to the cross-petition of the Hamilton Land Company, in which it is alleged that on the 24th day of December, 1887, the Allens executed and delivered to them two certain chattel mortgages upon property described therein; that said mortgages were recorded in Hamilton county on the 6th day of January, 1888; that the conditions of said mortgages were not complied with, and that they took possession of the mortgaged property and sold the same at public auction on the 20th day of April, 1888, to satisfy their debt.

Some other of the defendants filed answers, and Ott & Tewksbury and the Hamilton Land Company filed replies to the answers of D. P. Doak, A. T. Irvin, and Doak and Irvin.

In this state of the pleadings, this cause came on for trial in the district court of Kearny county, at the October term, 1888. Ott & Tewksbury, to maintain the issues on their part, introduced S. S. Ott as a witness, who testified as to his partnership with Tewksbury, and as to the amount of the indebtedness of the Allens to his firm, how it accrued, and how it was secured. The note of the Allens to Ott & Tewksbury, and the chattel mortgage securing it, were then read; also the notes of the Allens to the Topeka Investment & Loan Company, and their assignment to Ott & Tewksbury, were read in evidence. Then J. C. Lester, the manager of the Hamilton Land Company, testified as to the indebtedness of the Allens to the company, and to Lombard, that was transferred to the company. The chattel mortgage given by the Allens to Lombard was read in evidence. The chattel mortgage given by J. H. Allen to Lombard was read in evidence. A. E. Guy then testified, that as receiver in this case he took posses-

sion of all of the property of the Allens that he could find in the county, but stated two different dates at which this was done — on the 20th day of April, and the 14th day of May, 1888. A part of the property he took possession of was found in the possession and under the control of D. P. Doak and A. T. Irvin, amounting to 285 head. Lester was again called to the witness stand, and identified certain cattle that he saw in Doak's possession at the Bear Creek ranch, on the 18th day of April, 1888, as being covered by the mortgage to the Hamilton Land Company and the mortgage to Ott & Tewksbury, but stated that there were other cattle, held by other parties, on the ranch. Ott & Tewksbury having rested, the defendants Irvin and Doak, the Kendall Exchange Bank and Thomas Doak filed a demurrer to their evidence, for the reason that it fails to show facts sufficient to constitute a cause of action. The court sustained this demurrer, and entered the following judgment:

"Wherefore, it is by the court considered, ordered and adjudged, that the defendants Thomas Doak, the Kendall Exchange Bank, D. P. Doak and A. T. Irvin be discharged without day, and that this cause be dismissed as to them, such dismissal being a final judgment in such cause, and the said defendants recover their costs, taxed at —— dollars."

The ruling of the trial court, in sustaining this demurrer, and dismissing D. P. Doak, A. T. Irvin, the Kendall Exchange Bank, and Thomas Doak, is assigned here as error. Ott & Tewksbury, the Hamilton Land Company and M. F. Cooley are the parties complaining here. There is a strange admixture of interests represented by the plaintiffs in error, and in some respects the interests of the several plaintiffs in error are adverse to each other, but as there has been no objection made in this court, we will not complain. The record gives no reason for the ruling of the trial court. There seems to be a belief on the part of the counsel for the defendants in error that the reason was that, there being no legal record of the various chattel mortgages, and no proof that Doak, Irvin, the Kendall Exchange Bank or Thomas Doak had notice or

knowledge of the other mortgages, and the evidence of the plaintiffs showing that before the time of the commencement of the action Doak and Irvin were in possession, the result legally followed that they must prevail. In other words, it is contended that in order to make a *prima facie* case for themselves, Ott & Tewksbury must show that their mortgage was recorded according to law. The due execution of all the notes and mortgages is admitted by the pleadings. The mortgage of Ott & Tewksbury was recorded in Hamilton county on the 30th of July, 1887. The Hamilton Land Company's mortgage was recorded in Hamilton county on the 6th day of January, 1887, and was renewed on the 12th day of November, 1887. The Lombard mortgage, transferred to the Hamilton Land Company, was recorded in Hamilton county on the 14th day of November, 1887, at 9 o'clock A. M. The mortgage of A. T. Irvin was recorded in Hamilton county on the 7th day of February, 1887, and renewed on the 4th day of January, 1888. The Doak and Irvin mortgages were filed for record in Hamilton county January 6, 1888. The M. F. Cooley mortgage was recorded in Hamilton county on the 11th day of July, 1887, and renewed March 24, 1888. If the date of the record is to govern, the Hamilton Land Company's mortgage of January 6, 1887, is first, and Irvin is second, and Ott & Tewksbury third; all this upon the theory that there were proper renewals of the various chattel mortgages before the commencement of this action. If the recording of these various mortgages in Hamilton county was not in accordance with law, the party who first obtained possession of the mortgaged property, without knowledge of the other incumbrances, would probably have a great advantage.

Kearny county was created by an act of the legislature that went into effect on the 23d day of March, 1887, a part of it being taken from Hamilton county, which was created by an act of the legislature years before, but Hamilton county was not organized until 1886. When Kearny county was organized the record does not disclose. Neither are we certain from the recitations of this record where all this chattel property

was located at the time these mortgages were executed and re-corded.   Hence, we are not in possession of all the facts nec-essary to pass intelligently upon these various questions.   We do think that there were issues made by the pleadings as be-tween the Hamilton Land Company and M. F. Cooley and these defendants which they had a right to have determined; that Ott & Tewksbury had the right to have all the liens on this property adjusted, and this could not be done unless these defendants in error were still parties to the record.

It would seem from a mere inspection of the record, that these various chattel mortgages to the contending parties all covered, more or less, the same property, but the identification was not made clear by evidence on the trial, and yet there was some evidence of it.   We are not called upon to make that identification by a comparison of the descriptions of the chat-tels from the face of the mortgages.   For these and various other reasons, we conclude that the ruling on the demurrer and the judgment of dismissal are erroneous, and that justice can better be subserved by a new trial, when all the facts on all sides can be presented by the parties to this action, and all their rights intelligently determined.

We recommend a reversal of the judgment of the district court, and that a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.